Whaley, Judge,
delivered the opinion of the court:
This suit arises out of a contract between the plaintiff and the defendant dated February 6, 1933, for the construction by the plaintiff for the defendant of a hospital in the Navy Yard at Philadelphia, Pa. On September 14, 1933, the defendant notified the plaintiff that the remainder of the contract work would be done in conformity with the requirements of the National Industrial Recovery Act, 48 Stat. 195; 15 U. S. C. A. Sec. 102, 712. On November 9, 1933, a supplemental agreement was executed whereby the plaintiff agreed that further performance of the original contract would be carried on conformably with the National Industrial Recovery Act. The plaintiff alleges compliance by *583 him, his materialmen, his subcontractors and their material-men with the President’s Eeemployment Agreement and Code of Fair Competition and performance of their part of the contract work on and off the site according to the requirements of the National Industrial Eecovery Act; and that, as a result of such compliance on his part and his subcontractors and their materialmen, additional cost of labor and material was incurred. The petition, as amended, claims recovery for losses sustained by plaintiff and also the losses sustained by plaintiff’s subcontractors and their subcontractors for which claims were filed with him. The plaintiff has only paid two of these claims. Thirty-two of the claims sued for have not been paid.
This action is based on the special jurisdictional act approved June 25,1938 (Public, No. 741, 75th Congress, chap. 699, 3d session, S. 3628), which confers jurisdiction upon this court to hear “and enter judgments against the United States upon the claims of contractors, including completing sureties and all subcontractors and materialmen performing work or furnishing material to the contractor or another subcontractor, whose contracts were entered into on or before August 10, 1933, for increased costs incurred as a result of the enactment of the National Industrial Eecovery Act: Provided, That (except as to claims for increased costs incurred between June 16, 1933, and August 10, 1933) tins section shall apply only to such contractors, including completing sureties and all subcontractors and materialmen, whose claims were presented within the limitation period defined in section 4 of the Act of June 16, 1934 (41 U. S. C., Secs. 28-33).”
The defendant has demurred to the complaint on the ground that the act does not permit the plaintiff to sue for claims which have not been paid by him or which he has not incurred himself.
The act above referred to is in the nature of an amendment to the act of June 16,1934,48 Stat. 974, and enlarges the classes of those who can maintain a right of action against the United States for losses sustained under the National Industrial Eecovery Act. The act of 1934, which this court had under consideration in the case of John B. Kelly, Inc., v. *584 United States, decided May 2, 1938, herein, p. 271, limited the right of action to certain designated classes and the plaintiff Kelly did not fall in one of those classes, being a subcontractor suing in behalf of its subcontractor. It will be seen that Congress in its wisdom has decided to give a right of action to a much larger class and to open up to all claimants, who have sustained losses under the National Industrial Recovery Act, the right to sue the defendant in this court. It was remedial legislation following the decision of this court. Where the right to sue the defendant has been given by Congress, no court can limit, modify, impair or circumscribe it. Each of the 32 claimants for whom the plaintiff is bringing this action and whose claims have been presented but not paid by him, is entitled under the act to bring his own suit within the limit set by the Act. Petitions must be instituted within six months after the enactment of the Act (June 25,1938) or within six months after completion of the contract at the option of the claimant. No right is given to the contractor to sue for losses which have not been incurred by him or incurred by his subcontractors and paid by him. Where the prime contractor sues for increased costs, incurred as the result of the National Industrial Recovery Act, it must be shown that the prime contractor has reimbursed the subcontractor. A mere contractual obligation on the part of the prime contractor will not suffice because, under the act of June 25, 1938, the unpaid subcontractor has a claim against the Government and is the proper party plaintiff. The act gives the subcontractor a right of action against the Government which can not be circumscribed by any rules of procedure.
The decision in the case of Leary Construction Company v. United States, 63 C. Cls. 206, 224, is to be distinguished. In the Leary case the contractor was suing in behalf of his subcontractors because the subcontractors had no privity interest in the contract. They could not maintain an action against the defendant under the prime contract. We held that the contractor was entitled to maintain an action for the amounts due and which were to be paid to his subcontractors. In the instant case the subcontractors had no privity to the contract to sue the defendant but Congress, *585 by the act of June 25, 1938, has given them a privity to the contract and granted them a right of action against the defendant on the subcontracts. See Pneumatic Gun-carriage & Power Co. v. United States, 36 C. Cls. 71.
It is true that courts do not favor multiplicity of suits and endeavor to lay down rules of procedure to avoid unnecessary litigation. See Electric Boat Company v. United States, 81 C. Cls. 361. However, in the instant case, there is the right which continues to the subcontractors of the prime contractor which has been granted by Congress and, whether it incurs numerous suits or great expense, the courts must bow to the wisdom of Congress in enacting legislation. Under this statute, where a subcontractor has been paid by the prime contractor, the subcontractor has no claim remaining and cannot sue, but the prime contractor, who has made payment to the subcontractor, can sue for the amount so paid and recovery can be had in the amount established by competent evidence of the losses incurred by the subcontractor. The payment by the prime contractor to the subcontractor is not an assignment of the claim under the National Industrial Recovery Act, since it is the result of contractual relations entered into before the act of June 25, 1938, was approved, and, having paid the subcontractor, the prime contractor is the proper party plaintiff.
Who is the proper plaintiff depends upon what has been done between the prime contractor and the subcontractor by virtue of the contractual relations between them and does not depend upon what one or the other was or is obligated to do. This follows from the fact that Congress gives the subcontractor a right to sue as well as the prime contractor. It therefore follows that the prime contractor may sue for the recovery of National Industrial Recovery Act wages actually paid (1) directly by himself, or (2) indirectly by payments to subcontractors, and not otherwise; and that subcontractors may sue for and recover wages actually paid (1) directly by themselves, or (2) indirectly by payments to sub-subcontractors, and not otherwise. The final subcontractor may sue for and recover only those wages which he has paid and for which he has not been reimbursed by his principal.
*586 Where it appears to the court that the prime contractor, the subcontractors, or the sub-subcontractors have commenced separate actions under the same prime contract, an order to consolidate these cases will be made upon application of either party with the object in view of facilitating the speedy hearing and determination of the cases.
The demurrer is overruled so far as the right of action of plaintiff to sue for himself and those to whom he has made payment, and is sustained for all those to whom plaintiff has not actually made payment. The case will be referred to a commissioner with instructions from the court to permit no evidence to be taken of any losses not actually incurred or claims of subcontractors not actually paid by plaintiff. It is so ordered.
Williams, Judge/ Geeen, Judge; and Booth, Ohief Justice, concur.
Littleton, Judge, dissents.
(Note. — Plaintiffs motion to amend opinion announced November 14,1938, and for leave to file amended petition; and plaintiff’s motion for leave to file second amended petition — both overruled, January 9,. 1939.)